**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ABDUL WARIS AKINSANYA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-448-J |
| | ) | |
| TODD BLANCHE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Petitioner Abdul Waris Akinsanya, a citizen of Nigeria, is currently in the custody of Immigration and Customs Enforcement (ICE).  Petitioner filed a First Amended Petition for Writ of Habeas Corpus (First Amend. Pet.) [Doc. No. 10] and the matter was referred to United States Magistrate Judge Suzanne Mitchell.  Judge Mitchell has issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part and order Respondents to provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period; and (2) order Respondents to certify compliance within ten business days of the Court's order.  (Rep. & Rec.) [Doc. No. 14].

Respondents filed a timely Objection (Respondents' Obj.) [Doc. No. 15] and Petitioner filed a timely Objection (Petitioner's Obj.) [Doc. No. 16], both triggering de novo review of those portions of the Rep. & Rec. to which a specific objection is made.  *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).  Notably, both parties object to a bond hearing as the appropriate remedy.  *See* Petitioner's Obj. at 3–7; Respondents' Obj. at 3–4.  Additionally, the Court ordered supplemental briefing to address, among other issues, the custody-review procedures applied to Petitioner during his detention by ICE.  *See* [Doc. Nos. 17,

22–23]. In their supplemental brief, Respondents additionally contend that this action has been rendered moot because ICE "turned [Petitioner] over to the Oklahoma County Sheriff's Office on a writ issued in *Oklahoma v. Akinsanya*, CF-2023-4641." [Doc. No. 23].

For the reasons discussed below, the Report and Recommendation is ADOPTED IN PART to the extent it concludes Petitioner is not entitled to relief under: (a) *Zadvyas v. Davis*; and (b) the Immigration and Nationality Act (INA) and its implementing regulations. However, the Court DECLINES TO ADOPT the Report and Recommendation to the extent it concludes that Petitioner is entitled to relief based on Petitioner's as-applied due process claim. Accordingly, the Petition is DENIED.

## I.    **Background**

Petitioner, a citizen of Nigeria, entered the United States on an F-1 student visa in January 2018. [Doc. No. 11 at 2]. He was later convicted in federal court of an aggravated felony involving fraud, resulting in an 18-month sentence and a Final Administrative Removal Order under the Immigration and Nationality Act. [Doc. No. 11-3 at 1–2]. On July 7, 2025, Oklahoma City Enforcement Removal Operations encountered Petitioner at the Oklahoma County Detention Center, where he was "being detained for an active forgery warrant." [Doc. No. 11-1]. On July 14, 2025, ICE took Petitioner into custody to enforce the removal order. *Id.* at 2 ¶ 7. In November 2025, an Immigration Judge found that Petitioner established a reasonable possibility of persecution or torture if removed to Nigeria and placed him in withholding-only proceedings, where his application for asylum and withholding of removal remains pending.[1]

---

[1] The Automated Case Information generated by the Executive Office for Immigration Review suggests Petitioner's application was denied on May 11, 2026 and that an appeal, received on June 5, 2026, is currently pending. *See* Automated Case Information, https://acis.eoir.justice.gov/en/ (last visited July 2, 2026).

In April 2026, Petitioner filed a first amended habeas petition under 28 U.S.C. § 2241 arguing that his prolonged post-final-order detention under 8 U.S.C. § 1231 violates *Zadvydas v. Davis*, the Fifth Amendment Due Process Clause, and the INA in addition to its implementing regulations under 8 C.F.R. §§ 241.4 and 241.13.   Petitioner asks this Court to conclude that Petitioner's detention is unlawful and order his immediate release.  First Amend. Pet. at 4, 14, 19. Although Petitioner's Prayer for Relief seeks "all further relief this Court deems just and proper" Petitioner is emphatic that a bond hearing is "unworkable" and, consequently, he seeks release.  *See id.* at 19; Petitioner's Obj. at 3–6; [Doc. No. 22 at 4–5].

On May 15, 2026—during the pendency of the this proceeding—ICE temporarily transferred Petitioner to the Oklahoma County Sheriff's Office on a writ issued in a pending state case charging Petitioner with one count of sale or delivery or receipt of forged notes or instruments.  [Doc. No. 23 at 1 & Ex. 1].  Petitioner was granted a bail of $10,000.00, posted bond, and has since been re-detained by ICE.  [Doc. Nos. 25–26].

## II.      Report and Recommendation

Upon review, Judge Mitchell concludes that Petitioner is not entitled to immediate release under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because he has failed to demonstrate that there is no significant likelihood of removal in the reasonably foreseeable future.  Rep. & Rec. at 9–14.  In short, because Petitioner's ongoing withholding-only proceedings have a definite termination point, his detention is not indefinite or potentially permanent.  Accordingly, Judge Mitchell recommends denying Petitioner's claims to the extent he seeks relief under *Zadvydas*.  *Id.*

Judge Mitchell nevertheless concludes that Petitioner's continued detention without an individualized bond determination violates the Due Process Clause of the Fifth Amendment as applied to the particular facts of this case.  *Id.* at 14–20.  Applying the balancing test set forth in

3

*Mathews v. Eldridge*, 424 U.S. 319 (1976), Judge Mitchell concludes that Petitioner's substantial liberty interest, the significant risk of erroneous deprivation posed by continued detention without a hearing before a neutral decisionmaker, and the minimal administrative burden associated with providing such a hearing warrant habeas relief. *Id.* Accordingly, Judge Mitchell recommends granting the Petition in part by ordering Respondents to provide Petitioner with an individualized bond hearing before an Immigration Judge.

Finally, Judge Mitchell recommends denying Petitioner's claims to the extent he seeks relief under the INA and its implementing regulations governing post-removal detention and supervised release because Petitioner has not presented anything to the Court suggesting he was previously released by Respondents pursuant to either §§ 241.4 or 241.13. *Id.* at 20–21.

## III.    Analysis

### A.    Mootness

As a preliminary matter, the Court rejects Respondents' contention that Petitioner's temporary transfer from ICE custody mooted this action. [Doc. No. 23 at 1–2]. The relevant inquiry is whether subsequent events have made it "impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). Here, they have not. Petitioner remains subject to a final order of removal, has since been returned to ICE custody, and continues to seek release under an order of supervision. [Doc. Nos. 25–26]. Accordingly, the Court retains the ability to grant effectual relief on the claims presented in the Petition and this action presents a live case or controversy within the meaning of Article III. *See Chafin v. Chafin*, 568 U.S. 165, 172 (2013); *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam); *see also United States v.*

*Fisher*, 805 F.3d 982, 989 (10th Cir. 2015) ("A claim is moot if a party has already obtained the only relief it seeks.").[2]

### B.    Due Process

#### 1.    Petitioner's *Zadvydas* Challenge

Judge Mitchell relies on *Soberanes v. Comfort*, 388 F.3d 1305 (10th Cir. 2004), and similar authorities to conclude that Petitioner's removal remains reasonably foreseeable because withholding-only proceedings are considered finite. Rep. & Rec. at 9–14. Petitioner objects, arguing that Judge Mitchell effectively recalibrated the *Zadvydas* inquiry by focusing on whether proceedings are theoretically finite rather than whether Petitioner's removal itself is significantly likely within the reasonably foreseeable future. Petitioner's Obj. at 1–3. Petitioner emphasizes that, under *Zadvydas'* rule of relativism, the reasonably foreseeable future narrows as detention lengthens, and contends that the possibility of years of additional withholding-only litigation defeats any showing of reasonably foreseeable removal. *Id.*

On the present record, the Court agrees with Judge Mitchell's conclusion that Petitioner has not yet satisfied his burden under *Zadvydas*. As the Tenth Circuit explained in *Soberanes v. Comfort*, detention associated with ongoing review proceedings is not "indefinite nor potentially permanent" where it remains tied to a judicial or administrative process with a definite termination

---

[2]  Petitioner must also be "in custody" for the Court to exercise jurisdiction under 28 U.S.C. § 2241. *Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002). A petitioner subject to a final order of deportation or removal satisfies this requirement, even if not physically detained by immigration authorities. *Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1291 (10th Cir. 2001); *see also Simmonds v. I.N.S.*, 326 F.3d 351, 355 (2d Cir. 2003) ("[W]e have held that an alien who has been released on bail from INS detention but is subject to a final order of removal is in INS custody."); *Ortiz v. Mayorkas*, No. 20-7028, 2022 WL 595147, at *2 (4th Cir. Feb. 28, 2022) (collecting cases). Because Petitioner remains subject to a final deportation order, his temporary transfer to state custody did not divest this Court of jurisdiction under § 2241.

point.  388 F.3d at 1311.[3]  Here, Petitioner's detention remains directly connected to pending withholding-only proceedings that will ultimately determine whether he may be removed, granted protection as to Nigeria, or potentially removed elsewhere.  Accordingly, the Court ADOPTS the Report and Recommendation to the extent it finds that Petitioner is not entitled to immediate release under *Zadvydas*.

### 2.    Petitioner's As-Applied Challenge

In *Johnson v. Arteaga-Martinez*, the Supreme Court held, as a matter of statutory interpretation, that the text of § 1231(a)(6) does not require bond hearings after six months of detention.  596 U.S. 573, 581 (2022).  But the Court declined to resolve whether the Due Process Clause separately imposes such a requirement on an as-applied basis, leaving that question "for the lower courts to consider in the first instance." *Id.* at 583.  Based on Judge Mitchell's findings, this case squarely presents that question for the Court to resolve.  However, the Court emphasizes the limited scope of its decision.  This case presents only an as-applied challenge, not a facial one. Accordingly, the Court need not, and should not, go further.  Rather, the Court's task is limited to determining whether, "as applied to *this* party, in the circumstances of *this* case," Petitioner's detention has violated the Due Process Clause. *Chicago v. Morales*, 527 U.S. 41, 74–79 (1999) (Scalia, J., dissenting).

Following *Johnson v. Arteaga-Martinez*, lower federal courts in this Circuit and elsewhere have addressed as-applied due process challenges to prolonged detention under § 1231(a)(6), and

---

[3] The Tenth Circuit is not alone in reaching this conclusion. *See e.g. Martinez v. LaRose*, 968 F.3d 555, 565 (6th Cir. 2020) (detention pursuant to § 1231(a)(6) pending withholding-only proceedings); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1065 (9th Cir. 2008) (detention pursuant to § 1226(a) pending judicial review of his removal order); *Castellanos v. Holder*, 337 F. App'x 263, 267–68 (3d Cir. 2009) (detention during ongoing challenge to removal); *Obikanye v. I.N.S.*, 78 F. App'x 769, 772 (2d Cir. 2003) (detention during pendency of asylum and withholding only proceedings).

a split of authority has emerged regarding the proper analytical framework for evaluating those claims. *See, e.g., Juarez v. Choate*, No. 1:24-CV-00419-CNS, 2024 WL 1012912, at *6 (D. Colo. Mar. 8, 2024) ("There remains . . . some ambiguity about the proper framework to analyze Fifth Amendment due process challenges for individuals . . . who are being detained under § 1231(a)(6)."). Judge Mitchell recommends applying the three-part balancing test set forth in *Mathews v. Eldridge*. Rep. & Rec. at 15. Under that test, courts balance (1) the private interest affected, (2) the risk of erroneous deprivation and value of additional safeguards, and (3) the government's interest, including administrative and systemic burdens. *Id.*

Respondents object, arguing that the *Mathews* test is inapposite because it "has no application in the realm of substantive due process." Respondents' Obj. at 5. Respondents do not, however, supply an alternative framework or otherwise engage with the application of *Mathews* to the facts presented here. *See generally id.*; *see also* [Doc. Nos. 11 & 23]. At the same time, the Court observes that Petitioner has similarly not advanced a structured *Mathews* analysis. Nor does it appear that Petitioner has requested its application anywhere in the record. *See* First Amend. Petition; [Doc. Nos. 13, 16, 22, 25]. Instead, Petitioner's objection is primarily directed at the workability and legal structure of a bond hearing as the proposed remedy. He argues that the Rep. & Rec. fails to specify the governing statutory framework, including whether proceedings would be conducted under 8 U.S.C. § 1226(a) or § 1226(c), and raises concerns regarding burden allocation, eligibility standards, and the authority of the immigration court to conduct such a hearing. Petitioner further contends that, because these parameters are undefined, a bond hearing is an "unworkable and inappropriate remedy" and that immediate release subject to an order of supervision under 8 C.F.R. § 241.13 would be the only coherent alternative. Petitioner's Obj. at 3–7; *see also* [Doc. No. 22].

Assuming, without deciding, that *Mathews* provides the proper framework, the Court nonetheless concludes that Petitioner's as-applied due process challenge fails because the risk of erroneous deprivation and value of additional safeguards is low while the corresponding administrative and systemic burdens on the government are high. Unlike a detention regime providing no meaningful review after the initial custody determination, the regulations governing post-removal-period detention require periodic, individualized custody reviews. *See* Rep. & Rec. at 6–8 ("These procedures are intended to provide the noncitizen with fundamental due process protections . . . such as the right to notice and an opportunity to be heard.").

Here, the record demonstrates that Petitioner has received multiple individualized custody reviews under the procedures established by 8 C.F.R. § 241. *See* [Doc. No. 23 at 3–4]. Petitioner was provided notice of each review, informed of the standards governing release on an order of supervision, permitted to submit information and supporting documentation, and personally interviewed as part of the review process. *Id.* The reviewing officials were authorized to consider numerous individualized factors bearing directly on the propriety of continued detention, including Petitioner's criminal history, immigration history, danger to the community, risk of flight, family and community ties, cooperation with removal efforts, and the likelihood that travel documents could be obtained. *Id.*

Moreover, while a bond hearing before an Immigration Judge could theoretically provide greater procedural protection, the Court is not persuaded that such an additional safeguard would materially reduce the risk of an erroneous deprivation on the facts presented here. Petitioner's custody has already been the subject of repeated individualized review under standards directed to the same considerations that would likely be relevant in any bond determination. Nor has Petitioner identified any factual dispute that was left unresolved because of the existing procedures

8

or demonstrated that the reviewing officials failed to consider information bearing on his eligibility for release. On balance, the probable value of requiring an additional adversarial bond hearing is limited.

Under these circumstances, and on the facts presented, the Court declines to hold that the Due Process Clause requires any additional safeguards beyond the procedures Petitioner has already received. Accordingly, the Court DECLINES TO ADOPT the Report and Recommendation to the extent it concludes that Petitioner has a viable as-applied due process claim.

### C.    INA & ICE Regulations

Petitioner does not object to Judge Mitchell's conclusion that Petitioner has failed to present the Court with any evidence that he was previously released by Respondents under 8 C.F.R. §§ 241.4 or 241.13. Rep. & Rec. at 20–21. Petitioner has therefore waived the right to appellate review of the factual and legal issues addressed in the Rep. & Rec. on this issue. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010). Accordingly, the Report and Recommendation [Doc. No. 14] is ADOPTED to the extent it concludes the Court cannot grant relief for failure to comply with the INA and its corresponding regulations regarding supervised release.

### D.    Declaratory Relief

Because Judge Mitchell recommends granting Petitioner's Petition in part, she "finds Petitioner's request for declaratory relief moot." Rep. & Rec. at 20 n.16. For a different reason, the Court agrees that Petitioner's request for declaratory relief is moot. Here, Petitioner's request for declaratory relief under 28 U.S.C. § 2201 is derivative of his claims. Because those substantive claims fail, the request for declaratory relief is duplicative and does not present an "actual controversy" capable of judicial resolution. *Nero v. Oklahoma*, No. 22-6121, 2022 WL 14423872,

9

at *2 (10th Cir. Oct. 25, 2022) ("[T]he Declaratory Judgment Act does not provide an independent federal cause of action."); *Terry v. Health Care Serv. Corp.*, 344 F. Supp. 3d 1314, 1323–24 (W.D. Okla. 2018); *Easton v. Encompass Indem. Co.*, No. 18-cv-02563-STV, 2021 WL 7542563, at *5 (D. Colo. Aug. 31, 2021) (collecting cases); *see Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008).

### IV.   **Conclusion**

For the reasons above, the Report and Recommendation [Doc. No. 14] is ADOPTED IN PART to the extent it concludes Petitioner is not entitled to relief under: (a) the INA and its implementing regulations; and (b) *Zadvyas v. Davis*.  However, the Court DECLINES TO ADOPT the Report and Recommendation to the extent it concludes that Petitioner is entitled to relief based on a viable as-applied due process claim.  Accordingly, the Court DENIES Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[4]

A separate judgment will enter.

IT IS SO ORDERED this 2nd day of July, 2026.

_____
BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

---

[4]  The Court does not issue a certificate of appealability as one "is not required in order to appeal a final order in a proceeding under 28 U.S.C. § 2241" for a federal inmate.  *Cano v. Holt*, No. CIV-25-01228-JD, 2026 WL 736461, at *14 (W.D. Okla. Mar. 16, 2026) (citation omitted) (declining to enter a certificate of appealability in a § 2241 immigration case).